UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL VARGAS,<br><br>            Plaintiff,<br><br>     v.<br><br>SANTA CLARA COUNTY OFFICE OF SHERIFF CUSTODY, et al.,<br><br>            Defendants. | Case No. 24-cv-04768-EKL<br><br>**ORDER OF SERVICE** |

Plaintiff, a former detainee and current state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend, and plaintiff filed an amended complaint.

**DISCUSSION**

**Standard of Review**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

1  relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a
2  cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above
3  the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).
4  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.*
5  at 570. The United States Supreme Court has explained the "plausible on its face" standard of
6  *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be
7  supported by factual allegations. When there are well-pleaded factual allegations, a court should
8  assume their veracity and then determine whether they plausibly give rise to an entitlement to
9  relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

10  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by
11  the Constitution or laws of the United States was violated, and (2) the alleged deprivation was
12  committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).
13  Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the
14  plaintiff can show that the defendant's actions actually and proximately caused the deprivation of
15  a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062,
16  1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives
17  another of a constitutional right within the meaning of Section 1983 if he does an affirmative act,
18  participates in another's affirmative act or fails to perform an act which he is legally required to
19  do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

20  **Plaintiff's Allegations**

21  On July 17, 2024, plaintiff underwent testicular surgery. ECF No. 19 at 2. Due to
22  swelling issues, plaintiff was taken to the emergency room on July 22, 2024. *Id*. Afterwards,
23  defendant Deputy Stock failed to pick up plaintiff in a van with a wheelchair access ramp;
24  therefore, plaintiff had to climb steps to get in and out of the van which was extremely painful and
25  disturbed his surgical wound. *Id*. at 3.

26  Plaintiff had to be returned to the emergency room on multiple occasions due to the failure
27  of unidentified staff to provide the proper medical supplies needed for recovery. *Id*. On July 29,
28  2024, plaintiff was preparing to return to the emergency room when defendant Nurse Bambi

United States District Court
Northern District of California

sexually abused him. Plaintiff was holding a towel over his testicles to treat the wound. Bambi insisted on holding the towel and started to rub plaintiff's testicles up and down. *Id*. Plaintiff requested to hold the towel, but Bambi refused and continued to rub plaintiff's testicles. *Id*. at 4.

**Analysis**

A claim for a violation of a detainee's[1] right to adequate medical care arises under the Fourteenth Amendment rather than the Eighth Amendment. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id*. at 1125. For the third element, the defendant's conduct must be objectively unreasonable – "a test that will necessarily turn[] on the facts and circumstances of each particular care." *Id*. (citations and internal quotation marks omitted). A lack of due care by a state official is not enough. *See Alexander v. Nguyen*, 78F.4th 1140, 1144-46 (9th Cir. 2023). The four-part test articulated in *Gordon* requires the plaintiff to "prove more than negligence but less than subjective intent – something akin to reckless disregard." *Gordon*, 888 F.3d at 1125 (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)).

Sexual harassment and unwanted sexual contact may violate the Fourteenth Amendment's substantive due process right to be free from violations of bodily integrity. *See Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1162-64 (9th Cir. 2020) (citing cases) (analyzing claim by ward against officials at county juvenile hall). "The threshold question is 'whether the behavior of the governmental official is so egregious, so outrageous, that it may fairly be said to shock the

---

[1] It is not clear if plaintiff was a pretrial detainee or a convicted prisoner during the relevant time.

3

1  contemporary conscience.'" *Id.* (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848 n.8
2  (1998)) (finding that adult male officer's referring to female juvenile ward as "babe," touching of
3  her face and shoulders, talking about her appearance in her shower gown, telling her that he had
4  seen her in the shower and that she should leave her boyfriend for him, describing a sexual dream
5  he had about her that he wanted to come true, and telling her to stand between his opened knees, if
6  true, was sufficiently egregious to violate the 14th Amendment).

7  Sexual harassment and unwanted sexual conduct also may violate a pretrial detainee's right
8  to be free from punishment under the Fourteenth Amendment. *Vazquez*, 949 F.3d at 1160-61.
9  The question is whether such conduct amounts to "punishment." *Id*. To constitute punishment,
10  the conduct "must either significantly exceed, or be independent of, the inherent discomforts of
11  confinement." *Demery v. Arpaio*, 378 F.3d 1020, 1030 (9th Cir. 2004). Once harm is established,
12  the court must examine whether it was imposed "for the purpose of punishment" rather than a
13  legitimate governmental interest. *Id.*; *Vazquez*, 949 F.3d at 1163-64 (finding juvenile hall guard's
14  sexual harassment met test for punishment and violated the Fourteenth Amendment). ).

15  In the original screening order on October 17, 2024, the Court found that plaintiff
16  presented sufficient allegations to demonstrate a constitutional violation in that his wound was not
17  properly treated after surgery. The complaint was dismissed with leave to amend for plaintiff to
18  identify specific defendants and to describe their actions. After multiple extensions plaintiff filed
19  an amended complaint on April 10, 2025, that only partially addresses the issues noted by the
20  Court.

21  Liberally construed, plaintiff states a claim against defendant Stock for making him walk
22  steps into and out of the van which exacerbated his injury. He also states a claim against
23  defendant Bambi for the unwanted sexual conduct. The Court will order service on these
24  defendants. To the extent plaintiff seeks to bring a claim against other defendants for failure to
25  properly treat his wound after the surgery, he still has not identified any specific defendants and
26  described their actions. All remaining defendants and claims are dismissed without prejudice. If
27  plaintiff wishes to pursue additional claims against any defendants, he may seek to file a second
28  amended complaint that identifies the defendants and describes their actions and how they failed

to provide adequate medical care.

## CONCLUSION

1. All defendants except for Deputy Stock and Nurse Bambi are DISMISSED without prejudice. If plaintiff wishes to pursue claims against other defendants, he may file a second amended complaint within twenty-eight (28) days of the date this order is filed and must include the caption and civil case number used in this order and the words Second Amended Complaint on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in this case only continuing against Deputy Stock and Nurse Bambi.

2. The Clerk will issue a summons and the United States Marshal will serve, without prepayment of fees, copies of the amended complaint (ECF No. 19) with attachments and copies of this order on Deputy Stock and Nurse Javier Bambi at Elmwood Correctional Facility in Santa Clara County.

3. To expedite the resolution of this case, the Court orders:

   a. No later than **sixty days** from the date of service, all defendants will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation, will conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they will so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court will be promptly served on the plaintiff.

   b. At the time the dispositive motion is served, defendants will also serve, on a separate paper, the appropriate notice(s) required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the

time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

    c. Plaintiff's opposition to the dispositive motion, if any, will be filed with the Court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

  If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003).

    d. If defendants wish to file a reply brief, they will do so no later than fifteen days after the opposition is served upon him.

    e. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  4. All communications by plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendants' counsel.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

  6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 2, 2025

_____
Eumi K. Lee
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.